IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QVC, INC. and QHEALTH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 10-094 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| YOUR VITAMINS, INC. d/b/a PROCAPS LABORATORIES and ANDREW LESSMAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS FIRST (EXPEDITED) INTERROGATORIES (NOS. 1–17) TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs QVC, Inc. and QHealth, Inc. (collectively "QVC" or "Plaintiffs") hereby request that defendants Andrew Lessman ("Lessman") and Your Vitamins, Inc., d/b/a ProCaps Laboratories ("ProCaps") answer the following interrogatories, separately and under oath within thirty (30) days of service hereof or such other time as the Court may order.

**INSTRUCTIONS AND DEFINITIONS**

A.  Except as otherwise agreed in writing by QVC, production of the documents sought in these Requests shall be at the offices of Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016.

B.  These Requests seek information current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure. As these Requests

are of a continuing nature, you are obligated to promptly supplement or correct any response that is incomplete, inaccurate, or which requires an additional response to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(e).

C.   Respond to each Request in full. If you cannot do so, respond to the extent possible, explaining why you cannot respond completely and stating any knowledge, information, or belief you have concerning the nonresponsive portion of the Request.

D.   The term "person" means a natural person, individual, partnership, firm, corporation, or any other kind of business or legal entity, or the agents or employees of a natural person, individual, partnership, firm, corporation, or any other kind of business or legal entity.

E.   The terms "Plaintiff" and "QVC" refer to Plaintiffs QVC, Inc. and/or QHealth, Inc.

F.   The terms "Defendants" "Lessman" or "ProCaps" refer to Defendants Andrew Lessman or, as appropriate in context, Your Vitamins, Inc. d/b/a ProCaps, Inc., and (i) all of their directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, company owned by ProCaps, or affiliated entity in existence during the period of time relevant to these Requests; (ii) any other person or entity acting on behalf of ProCaps or Andrew Lessman or upon whose behalf ProCaps or Mr. Lessman have acted; or (iii) any other person or entity otherwise subject to ProCaps' control, or to whose control ProCaps is subject — in whole or in part.

G.   The term "Lessman QVC Blog Entries" shall refer to the postings to the website <http://andrew.procapslabs.com/> referred to in the Complaint and Motion for Preliminary Injunction that discuss the QVC products NATURE'S CODE Hair, Skin & Nails and NATURE'S CODE Resveratrex, including but not limited to the following entries:

i)   February 5, 2010, 10:47: *Question: When is a "Doctor" not really a Doctor? Answer: When they appear with Nature's Code vitamins on QVC*: Posted by Andrew Lessman

ii)   February 4, 2010, 12:21: *A Video Discussion of QVC's Resveratrol Products.*: Posted by Andrew Lessman

iii)   February 3, 2010, 17:35: *A Video Discussion of QVC's Hair, Skin & Nails Product*: Posted by Andrew Lessman

iv)   January 22, 2010, 10:38: *A Few Words on Resveratrol and QVC's Colorful and Sweet Versions*: Posted by Andrew Lessman

v)   January 20, 2010, 11:22: *QVC's Hair Skin and Nails...Over 99% Additives!*: Posted by Andrew Lessman

vi)   January 19, 2010, 07:30: *A Quick Follow-up on QVC's Hair Skin and Nails*: Posted by Andrew Lessman

vii)   January 14, 2010, 12:36: *QVCs Hair Skin and Nails isn't Healthy...it is just sleazy and deceptive!*: Posted by Andrew Lessman

H.   The term "document" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure. The term includes information that is fixed in any tangible medium whatsoever, and includes — by way of illustration only and not by way of limitation — the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; facsimiles; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photograph; minutes or records of meetings;

3

transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes. For purposes of these Requests, any document bearing marks on any sheet or side of the document, such as stamped indicia, marginalia, or any comment or notation not part of the original text is deemed to be a separate document.

I. The terms "related to," "relating to" and "relate to," "refer to," "concern," "concerning," "regarding," and "referring" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

J. The term "identify":

(i) when used with respect to a person, means to state the person's full name, the present or last known address, and the present or last known place of employment;

(ii) when used with respect to an event or activity, means to state the date, names of participants, and nature of the activity or event;

(iii) when used with respect to a document, means to state or describe the type of document; the general subject matter of the document; the date of the document; the authors, addressees and recipients of the document; and the present custodian of the document; and/or

(iv) when used with respect to things other than documents means to state a description of the thing requested.

K. In construing these Requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neutral term shall include

all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

L.      The term "Complaint" shall refer to the Complaint filed by QVC on February 5, 2010, including any amendments thereto, in connection with this lawsuit.

M.      If any document that is responsive to these Requests is known to exist but cannot be produced, that document is to be specifically identified as precisely as possible and the reasons for the inability to produce the document stated.

N.      As required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, with respect to any information you assert to be protected or privileged, you must expressly identify the nature of the privilege asserted, indicate the factual basis for the privilege, and describe the nature and the content of the allegedly-privileged information in sufficient detail to enable others to assess the applicability of the asserted privilege.

O.      In the event that a document that is responsive to these Requests has been destroyed, the response hereto shall identify: the preparer of the document; its addresser (if different), addressee, and each recipient thereof; each person to whom it was distributed or shown; the date it was prepared; the date it was transmitted (if different); the date it was received; a description of its contents and subject matter; the date of its destruction; the reason(s) for its destruction; the name, title and address of the person

destroying the document; and a description of efforts to locate the document and copies of it.

P.  All electronically stored information within the meaning of Federal Rule of Civil Procedure 34 shall be produced as .TIFF images with a Concordance loadfile, and shall be in a searchable format (e.g., OCR).

## INTERROGATORIES

1. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that NATURE'S CODE Hair, Skin & Nails product (or any other NATURE'S CODE product) is "unhealthy".

2. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate the concerns raised that the hyaluronic acid in QVC's NATURE'S CODE product is "connect[ed] to cancer"; "associated with cancer", "relates to cancer"; should be avoided "if you have a history of cancer or anything like that"; or "could be doing harm".

3. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that NATURE'S CODE Hair, Skin & Nails product (or any other NATURE'S CODE product) (i) is "inferior"; (ii) is a "low quality product"; (iii) is shocking and appalling"; or (iv) is a "bad imitation"; (v) that NATURE'S CODE Hair, Skin & Nails is "inferior" to PROCAPS Healthy Hair Skin & Nails; or (vi) that NATURE'S CODE Resveratrex is "inferior" to PROCAPS Resveratrol products.

4. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate the statement that "there is no science that shows [hyaluronic acid] offers any benefit when taken orally".

5. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication (i) that the silicon dioxide in NATURE'S CODE Hair, Skin & Nails is "virtually insoluble" like "glass or sand" or "quartz" or is "unabsorbable at best"; and (ii) that the silica in their own product is more readily absorbable than the silica in NATURE'S CODE Hair, Skin & Nails. The response to this Interrogatory should include, without limitation, a description of the composition of the silica used in Defendant ProCaps' Healthy Hair Skin & Nails product.

6. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that the additives and/or excipients in either or both NATURE'S CODE Hair, Skin & Nails and/or NATURE'S CODE Reveratrex tablets (i) serve no purpose or (ii) negatively affect the quality of the products; (iii) that the tablet form in which QVC sells its NATURE'S CODE Resveratrex and/or NATURE'S CODE Hair, Skin & Nails is inferior to the capsule form of the PROCAPS Hair Skin & Nails or Resveratrol products or (iv) that the binders and excipients in the tablet form in QVC's NATURE'S CODE Resveratrex and/or NATURE'S CODE Hair, Skin & Nails, render the products inferior to the capsule form of the PROCAPS Hair Skin & Nails capsules or Resveratrol capsules.

7. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their statement or implication that the Healthy Heart Blend in QVC's NATURE'S CODE Resveratrex (or any other NATURE'S CODE product) is of "questionable" quality.

8. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that the QVC's NATURE'S CODE Resveratrex (i) lacks a substantial grape base or that (ii) QVC's NATURE'S CODE Resveratrex and Defendants' Resveratrol products have comparable proportions of ingredients associated with red wine.

9. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that the grape extract and Muscadine grape seed extract in QVC's NATURE'S CODE Resveratrex do not "contribute much".

10. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that Healthy Heart Blend in QVC's NATURE'S CODE Resveratrex is "all but meaningless", including without limitation all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that, for dietary supplements, "standardization is the only indication, the only barometer, the only measure of quality or the measure of benefit."

11. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that the

natural grape concentrate in NATURE'S CODE Resveratrex (i) "is not ... anti-oxidant rich"; or (ii) is merely a "sugar-rich concentrate from grapes that sweetens the drink."

12. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that NATURE'S CODE Resveratrex is falsely or misleadingly labeled, including without limitation (i) that the "Healthy Heart Blend is deceptive" and (ii) the legal opinion that "[y]ou can't put your sugar, even though it comes from a grape, you can't put your sugar under your Healthy Heart Blend as grape concentrate".

13. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contentions concerning the source of sugar in NATURE'S CODE Resveratrex, including without limitation all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication (i) that "sugar is the dominant ingredient in the Healthy Heart Blend" of the NATURE'S CODE Resveratrex drink; or (ii) that the sugar in the product is "frightening" or "appalling".

14. Set forth all facts of which Defendants are aware and on which they relied, including the sources thereof, to substantiate their contention or implication that the coloring agents in NATURE'S CODE Hair, Skin & Nails or Resveratrex products in any way affect or lower the quality of these products, including without limitation the statements that the coloring agents are "shocking" or are "not in the interests of" customers of the product.

9

15. Identify all persons who performed any research for or on behalf of Defendants (whether or not employed by ProCaps), and the dates of any such research, concerning any of the subjects in Interrogatories 1-14 above or Document Requests 1 – 15, served herewith.

16. Identify all facts on which to support the allegation that QVC initiated contact with defendants to resume relations, including in 2009; identify the persons involved and set forth the role of each such person.

17. Identify all facts on which defendants rely in support of the contention the name "hair skin and nails", alone or in combination with other elements, is a trademark, and if so, identify any efforts by Defendants to establish trademark rights in the name and any facts on which Defendants rely to support their contention the name is a protectable trademark.

Dated: March 3, 2010

Respectfully submitted,

CROSS & SIMON, LLC

By: _____
Joseph Grey (DE ID 2358)
913 North Market Street
Eleventh Floor
P.O. Box 1380
Wilmington, DE 19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224 (fax)
Email: jgrey@crosslaw.com

and

Jonathan E. Moskin

Britton Payne
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Attorneys for Plaintiffs

NYC_755488.2

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on March 3, 2010, and in addition to the service provided under the Court's CM/ECF system, I caused copies of the foregoing **DISCOVERY REQUESTS** to be served via e-mail to counsel for the Defendants at the following addresses:

> Jonathan F. Cohn
> James D. Arden
> Gordon D. Todd
> Matthew D. Krueger
> Sidley & Austin
> 1501 K Street, N.W.
> Washington, D.C. 20005
> jcohn@sidley.com
> jarden@sidley.com
> gtodd@sidley.com
> mkrueger@sidley.com
>
> Rodger Dallery Smith, II
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> rsmith@mnat.com

_____
Joseph Grey JD 2358