## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QVC, INC. and QHEALTH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 10-094 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| YOUR VITAMINS, INC. d/b/a PROCAPS | ) | |
| LABORATORIES and ANDREW | ) | |
| LESSMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS FIRST (EXPEDITED) REQUESTS (NOS. 1–29) TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs QVC, Inc. and QHealth, Inc. (collectively "QVC" or "Plaintiffs") hereby requests that defendants Andrew Lessman ("Lessman") and Your Vitamins, Inc., d/b/a ProCaps Laboratories ("ProCaps") produce the following documents and things within thirty (30) days of service hereof or such other time as the Court may order.

### INSTRUCTIONS AND DEFINITIONS

A.    Except as otherwise agreed in writing by QVC, production of the documents sought in these Requests shall be at the offices of Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016.

B.    These Requests seek information current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure. As these Requests

are of a continuing nature, you are obligated to promptly supplement or correct any response that is incomplete, inaccurate, or which requires an additional response to comply with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26(e).

C.     Respond to each Request in full.  If you cannot do so, respond to the extent possible, explaining why you cannot respond completely and stating any knowledge, information, or belief you have concerning the nonresponsive portion of the Request.

D.     The term "person" means a natural person, individual, partnership, firm, corporation, or any other kind of business or legal entity, or the agents or employees of a natural person, individual, partnership, firm, corporation, or any other kind of business or legal entity.

E.     The terms "Plaintiff" and "QVC" refer to Plaintiffs QVC, Inc. and/or QHealth, Inc.

F.     The terms "Defendants" "Lessman" or "ProCaps" refer to Defendants Andrew Lessman or, as appropriate in context, Your Vitamins, Inc. d/b/a ProCaps, Inc., and (i) all of their directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, company owned by ProCaps, or affiliated entity in existence during the period of time relevant to these Requests; (ii) any other person or entity acting on behalf of ProCaps or Andrew Lessman or upon whose behalf ProCaps or Mr. Lessman have acted; or (iii) any other person or entity otherwise subject to ProCaps' control, or to whose control ProCaps is subject — in whole or in part.

2

G.    The term "Lessman QVC Blog Entries" shall refer to the postings to the website <http://andrew.procapslabs.com/> referred to in the Complaint and Motion for Preliminary Injunction that discuss the QVC products NATURE'S CODE Hair, Skin & Nails and NATURE'S CODE Resveratrex, including but not limited to the following entries:

(i)    February 5, 2010, 10:47: *Question: When is a "Doctor" not really a Doctor? Answer: When they appear with Nature's Code vitamins on QVC*: Posted by Andrew Lessman

(ii)   February 4, 2010, 12:21: *A Video Discussion of QVC's Resveratrol Products.*: Posted by Andrew Lessman

(iii)  February 3, 2010, 17:35: *A Video Discussion of QVC's Hair, Skin & Nails Product*: Posted by Andrew Lessman

(iv)   January 22, 2010, 10:38: *A Few Words on Resveratrol and QVC's Colorful and Sweet Versions*: Posted by Andrew Lessman

(v)    January 20, 2010, 11:22: *QVC's Hair Skin and Nails...Over 99% Additives!*: Posted by Andrew Lessman

(vi)   January 19, 2010, 07:30: *A Quick Follow-up on QVC's Hair Skin and Nails*: Posted by Andrew Lessman

(vii)  January 14, 2010, 12:36: *QVCs Hair Skin and Nails isn't Healthy...it is just sleazy and deceptive!*: Posted by Andrew Lessman

H.    The term "document" is given the broadest scope and meaning permitted under the Federal Rules of Civil Procedure. The term includes information that is fixed in any tangible medium whatsoever, and includes — by way of illustration only and not by way of limitation — the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; facsimiles; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photograph; minutes or records of meetings;

3

transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes. For purposes of these Requests, any document bearing marks on any sheet or side of the document, such as stamped indicia, marginalia, or any comment or notation not part of the original text is deemed to be a separate document.

I.      The terms "related to," "relating to" and "relate to," "refer to," "concern," "concerning," "regarding," and "referring" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

J.      The term "identify":

(i)      when used with respect to a person, means to state the person's full name, the present or last known address, and the present or last known place of employment;

(ii)     when used with respect to an event or activity, means to state the date, names of participants, and nature of the activity or event;

(iii)    when used with respect to a document, means to state or describe the type of document; the general subject matter of the document; the date of the document; the authors, addressees and recipients of the document; and the present custodian of the document; and/or

(iv)     when used with respect to things other than documents means to state a description of the thing requested.

K.      In construing these Requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neutral term shall include

4

all other genders.  The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions.  The word "each" includes the word "every," and the word "every" includes the word "each."  The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

        L.      The term "Complaint" shall refer to the Complaint filed by QVC on February 5, 2010, including any amendments thereto, in connection with this lawsuit.

        M.      If any document that is responsive to these Requests is known to exist but cannot be produced, that document is to be specifically identified as precisely as possible and the reasons for the inability to produce the document stated.

        N.      As required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, with respect to any information you assert to be protected or privileged, you must expressly identify the nature of the privilege asserted, indicate the factual basis for the privilege, and describe the nature and the content of the allegedly-privileged information in sufficient detail to enable others to assess the applicability of the asserted privilege.

        O.      In the event that a document that is responsive to these Requests has been destroyed, the response hereto shall identify: the preparer of the document; its addresser (if different), addressee, and each recipient thereof; each person to whom it was distributed or shown; the date it was prepared; the date it was transmitted (if different); the date it was received; a description of its contents and subject matter; the date of its destruction; the reason(s) for its destruction; the name, title and address of the person

destroying the document; and a description of efforts to locate the document and copies of it.

      P.     All electronically stored information within the meaning of Federal Rule of Civil Procedure 34 shall be produced as .TIFF images with a Concordance loadfile, and shall be in a searchable format (e.g., OCR).

## REQUESTS FOR PRODUCTION

      1.     All documents setting forth or concerning any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware regarding any NATURE'S CODE nutritional supplements, including without limitation the NATURE'S CODE Resveratrex and NATURE'S CODE Hair, Skin & Nails products.

      2.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that NATURE'S CODE Hair, Skin & Nails product (or any other NATURE'S CODE product) is "unhealthy".

      3.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication or concerns raised that the hyaluronic acid in QVC's NATURE'S CODE product is "connect[ed] to cancer"; "associated with cancer", "relates to cancer"; should be avoided "if you have a history of cancer or anything like that"; or "could be doing harm".

6

4.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that NATURE'S CODE Hair, Skin & Nails product (or any other NATURE'S CODE product) (i) is "inferior"; (ii) is a "low quality product"; (iii) is "shocking and appalling"; or (iv) is a "bad imitation".

5.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate the statement that "there is no science that shows [hyaluronic acid] offers any benefit when taken orally".

6.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate the statements (i) that the silicon dioxide in NATURE'S CODE Hair, Skin & Nails is "virtually insoluble" like "glass or sand" or "quartz" or is "unabsorbable at best" or (ii) that the silica in their own product is more readily absorbable than the silica in NATURE'S CODE Hair, Skin & Nails, including documents sufficient to show the composition of the silica used in Defendant ProCaps' Healthy Hair Skin & Nails product.

7.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the additives and/or excipients in either or both NATURE'S CODE Hair, Skin & Nails and/or

7

NATURE'S CODE Reveratrex tablets (i) serve no purpose, or (ii) negatively affect the quality of the products; (iii) that the tablet form in which QVC sells its NATURE'S CODE Resveratrex and/or NATURE'S CODE Hair, Skin & Nails is inferior to the capsule form of the PROCAPS Hair Skin & Nails or Resveratrol products; or (iv) that the binders and excipients in the tablet form in QVC's NATURE'S CODE Resveratrex and/or NATURE'S CODE Hair, Skin & Nails, render the products inferior to the capsule form of the PROCAPS Hair Skin & Nails capsules or Resveratrol capsules.

8.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the Healthy Heart Blend in QVC's NATURE'S CODE Resveratrex (or any other NATURE'S CODE product) is of "questionable" quality.

9.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the QVC's NATURE'S CODE Resveratrex (i) lacks a substantial grape base or that (ii) QVC's NATURE'S CODE Resveratrex and Defendants' Resveratrol product have comparable proportions of ingredients associated with red wine.

10.     All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the grape

8

extract and Muscadine grape seed extract in QVC's NATURE'S CODE Resveratrex do not "contribute much".

11.    All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the Healthy Heart Blend in QVC's NATURE'S CODE Resveratrex is "all but meaningless", including without limitation all documents on which Defendants relied to substantiate their contention or implication that, for dietary supplements, "standardization is the only indication, the only barometer, the only measure of quality or the measure of benefit."

12.    All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that the natural grape concentrate in NATURE'S CODE Resveratrex (i) "is not … anti-oxidant rich"; or (ii) is merely a "sugar-rich concentrate from grapes that sweetens the drink."

13.    All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contentions concerning the source of sugar in NATURE'S CODE Resveratrex, including without limitation (i) that "sugar is the dominant ingredient in the Healthy Heart Blend" of the NATURE'S CODE Resveratrex drink; or (ii) that the sugar in the product is "frightening" or "appalling".

14.    All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware)

9

on which Defendants relied to substantiate their contention or implication that coloring agents in NATURE'S CODE Hair, Skin & Nails or Resveratrex products in any way affect or lower the quality of these products, including without limitation the statements that the coloring agents are "shocking" or are "not in the interests of" customers of the product.

15.    All documents (including without limitation any research, tests, assays, evaluations conducted by or on behalf of Defendants or of which Defendants are aware) on which Defendants relied to substantiate their contention or implication that NATURE'S CODE Resveratrex is falsely or misleadingly labeled, including without limitation (i) that the "Healthy Heart Blend is deceptive" and (ii) the legal opinion that "[y]ou can't put your sugar, even though it comes from a grape, you can't put your sugar under your Healthy Heart Blend as grape concentrate".

16.    All documents setting forth or concerning the performance of any searches or research conducted or obtained by or for Defendants concerning any of the subjects in Document Requests 1 - 16 above, including without limitation written or email instructions, confirmations of delivery or receipt or the like.

17.    All documents setting forth or concerning any statement by QVC that the lutein in its NATURE'S CODE Hair, Skin & Nails product will improve the growth of users' hair, skin or nails.

18.    All documents, including without limitation opinions of counsel, setting forth or concerning any efforts by Defendants to establish trademark rights in the name or phrase "hair, skin and nails", alone or in combination with other elements, including any

10

actual or contemplated application(s) to register the phrase "hair skin & nails" (alone or in combination with other elements) as a trademark and including all documents concerning the selection of the phrase "hair skin & nails" for use on and in connection with Defendants' products.

19.   All documents concerning use by third parties of the phrase "hair skin & nails", including without limitation any monitoring of third-party use by Defendants.

20.   All documents concerning the creation of the Lessman QVC Blog Entries, including without limitation drafts thereof, research or other materials relied upon in creating the same, communications and memoranda regarding the same and the like, and all scripts, outlines, screenplays, drafts thereof or documents concerning the preparation of the videos posted on February 3, 4 and 5 (among the Lessman Blog Entries) entitled (i) "Question: When is a "Doctor" not really a Doctor? Answer: When they appear with Nature's Code vitamins on QVC"; (ii) "A Video Discussion of QVC's Resveratrol Products; and/or (iii) A Video Discussion of QVC's Hair, Skin & Nails Product.

21.   All documents concerning any comments received by Defendants referring to or concerning QVC's NATURE'S CODE products, including without limitation emails, blog postings, mail or telephone calls, together with any responses thereto by Defendants.

22.   Documents sufficient to identify the persons who posted comments to any of the Lessman QVC Blog Entries, including but not limited to the names, street addresses, employers, IP addresses, relationship to the Defendants, and/or purchase histories of the account-holders.

23.     Documents sufficient to identify all statements made by Defendants, directly or indirectly, in any media outlet, concerning QVC's NATURE'S CODE Hair, Skin & Nails and/or Resveratrex products, including but not limited to television appearances, print advertisements or commentary, online advertisements or commentary, and online keyword advertising purchases.

24.     Samples of all advertising or marketing materials for Defendants' Healthy Hair Skin & Nails and Resveratrol-100 products from January 1, 2009 to date, including but not limited to copies of print advertisements, promotional videos, television appearances, infomercials, online banner ads, and sponsored links.

25.     All documents concerning the design of the label and other packaging of Defendants' Resveratrol-100 products, including but not limited to correspondence or communications with the designer, drafts and developmental or alternative version of the design.

26.     All documents, including but not limited to email, letters, verbal comments, voicemail, telephone messages, and blog postings, received from customers, potential customers, or others regarding the label design (including the grape and wine theme) of the label of Defendants' Resveratrol-100 products.

27.     All documents concerning Defendants' promotion on HSN on or about January 23 and 24, 2010 of the subject Resveratrol and Healthy Hair Skin and Nails products, or concerning QVC, QHealth or NATURE'S CODE products, including without limitation memoranda, correspondence, emails, instant messages and the like and all

NYC_752864.2

scripts, outlines, screenplays, drafts thereof or documents concerning the preparation of Defendants' said appearances on HSN.

28. All documents sent to, provided to, reviewed by, considered by, relied upon, or prepared by any expert retained on Defendants' behalves regarding Defendants' Healthy Hair Skin & Nails and Resveratrol-100 products or the NATURE'S CODE Resveratrex or Hair Skin & Nails product sold by QVC.

29. All documents, including emails or correspondence with QVC or HSN or internal memoranda, from 2005 to date (or any broader period that defendants consider relevant), and including any such documents in 2009 concerning the Sensa product, setting for or concerning any alleged efforts by QVC or defendants to resume business relations.

Dated: March 3, 2010

Respectfully submitted,

CROSS & SIMON, LLC

By: _____

Joseph Grey (DE ID 2358)
913 North Market Street
Eleventh Floor
P.O. Box 1380
Wilmington, DE 19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224 (fax)
Email: jgrey@crosslaw.com

and

Jonathan E. Moskin
Britton Payne

13

FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Attorneys for Plaintiffs

14

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on March 3, 2010, and in addition to the service provided under the Court's CM/ECF system, I caused copies of the foregoing **DISCOVERY REQUESTS** to be served via e-mail to counsel for the Defendants at the following addresses:

Jonathan F. Cohn
James D. Arden
Gordon D. Todd
Matthew D. Krueger
Sidley & Austin
1501 K Street, N.W.
Washington, D.C. 20005
jcohn@sidley.com
jarden@sidley.com
gtodd@sidley.com
mkrueger@sidley.com

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Joseph Grey ID 2358