IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC. and QHEALTH, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 10-094-SLR |
| | ) |
| YOUR VITAMINS, INC. d/b/a | ) |
| PROCAPS LABORATORIES | ) |
| and ANDREW LESSMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 29th day of November 2010, having reviewed plaintiffs' motion for reconsideration (D.I. 67);

IT IS ORDERED that said motion is denied, as follows.

1. **Background**. The court incorporates by reference the detailed background provided in its prior opinion. (D.I. 60) In short, plaintiffs bring false advertising, consumer fraud and unfair competition claims against defendants in connection with statements made by defendant Lessman about the quality of QVC's vitamin supplement products. In denying plaintiffs' motion for a preliminary injunction and other relief, the court determined that plaintiffs did not meet their high burden to demonstrate likelihood of success on the merits of their claims on the record before it. (*Id.*)

2. **Motion for reconsideration standard**. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)).

The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

4. **Discussion**. Upon review of their motion papers, plaintiffs do not point to any newly discovered evidence. Plaintiffs' chief complaint is that the court did not weigh the

facts of record as plaintiffs would have wanted.[1] Such is insufficient to meet the motion for reconsideration standard.

5. In its prior decision, the court did not find sufficient evidence of literal falsity (or falsity by necessary implication) on the preliminary record to justify injunctive relief. Absent an indication of such falsity, consumer surveys are required, and injunctive relief is inappropriate. The court disagrees with plaintiffs' contrary interpretation of the law. Furthermore, the court notes plaintiffs' assertion that, on the facts presented, an inference of a likelihood of success was appropriate and it was then Lessman's burden to provide support for his advertising claims. The court disagrees with plaintiffs' assessment of the burden of proof on its preliminary injunction motion. In sum, the court surmises no error of law warranting its reconsideration of the issues previously presented.[2]

                                                                                                  */s/ Sue L. Robinson*
                                                                      United States District Judge

---

[1] For example, plaintiffs argue that the court did not specifically address each of Lessman's statements (for example, that QVC's products are "unhealthy," "bad," "inferior," and the like) in the context of its analysis. Similarly, plaintiffs argue that the court did not consider the combined weight of the evidence with the fact that 42 individuals indicated that they would not buy QVC's products as evidence of actual confusion. These representations were of record on plaintiffs' motion.

[2] Plaintiffs motion for leave to exceed page limitations in connection with their motion for reconsideration (D.I. 70) is, consequently, denied as moot. Defendants' cross-motion to strike plaintiffs' nonconforming motion for reconsideration and motion for leave to exceed page limits (D.I. 72) is also denied as moot.